NOONAN, Circuit Judge,
concurring:
The American instinct to cast controversies into a legal forum has been an American characteristic at least since Alexis de Tocqueville observed in 1835, “Scarcely any political question arises in the United States that is not resolved, sooner or later, into a judicial question.” Tocqueville, Democracy in America, trans. Henry Reeve, revised by Francis Bowen, and ed. by Phillips Bradley, vol. 1, p. 280. No doubt the instinct is both laudable and optimistic— laudable because litigation is more peaceful than pugilistic and optimistic because it assumes that a court is capable of resolving almost any question.
The present case illustrates the instinct carried very far. A federal court is asked to review the allocation of billions of dollars among a variety of state agencies, some of them not before the court. The court is asked to look into the future to gauge the fairness of the allocations. The court is asked to assume the identity and interests of various parts of the population characterized by the litigants in terms of categories created by the racial origins of the persons living here today. Using these categories — hopelessly outdated in the Bay Area — this litigation presents a controversy in which the court is asked to determine the fairness of future plans dependent on at least seven factors which the court would have to measure, combine, and evaluate as a balanced or unbalanced combination.
The twentieth century racial categories so confidently deployed no longer correspond to American life among the young. See Susan Saulny, “Black? White? Asian? More Young Americans Choose All of the Above,” The New York Times, January 30, 2011, page 1 and page 20. What is true of the young is already characteristic of the Bay Area where social *524 change has been fostered by liberal political attitudes, and a culture of tolerance. An individual bigot may be found, perhaps even a pocket of racists. The notion of a Bay Area board bent on racist goals is a specter that only desperate litigation could entertain.
The parties, the magistrate judge who heard them, and my colleagues have plunged heroically into the messy mass of facts, factors, and guesses going into planning for regional transportation. The opinion of the court accurately concludes that the plaintiffs failed to show any intent to discriminate and failed to show any disparate impact from the funding planned.